NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2008[*]
Decided July 30, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3980

| | |
|---|---|
| MUHAMMAD SHAFI KHAN, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A95 925 177 |
| | |
| MICHAEL B. MUKASEY, | |
| Attorney General of the United States, | |
| *Respondent*. | |

**ORDER**

Muhammad Khan, a citizen of Pakistan, applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) several years after he entered the United States because, he insisted, if he were returned to Pakistan members of the Haqiqi faction of the Mohajir Qaumi Movement (MQM-H) will persecute him on the basis of his religion and political beliefs. But at his asylum hearing he testified that MQM-H

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

members had robbed him on four occasions solely to obtain money. The IJ therefore concluded that Khan was ineligible for withholding of removal and for relief under the CAT, and it dismissed his application for asylum as untimely. The BIA affirmed, and Khan petitioned this court for review. We dismiss the petition in part and deny the petition in part.

Khan, who was born in India in 1929, left Pakistan in November 1999 and entered the United States in April 2000. He waited nearly five years before filing his asylum application, in which he claimed that if he were returned to Pakistan MQM-H members would persecute him on the basis of religion and political opinion. MQM-H is a faction of a political party that represents Muslim refugees from India who have settled in Pakistan, *Hussain v. Mukasey*, 518 F.3d 534, 535 (7th Cir. 2008); *Akhtar v. Gonzales*, 406 F.3d 399, 402 (6th Cir. 2005), but Khan, who is a Muslim, does not agree with its extreme political or religious views. On four occasions beginning in February 1995, members of MQM-H robbed Khan at gunpoint. Khan insisted that its members would rob him again and possibly kill or torture him if he resisted.

At his hearing, however, Khan testified that he has no political affiliation, that the MQM-H robbers had never asked him about his political affiliation, and that they did not care about his religion or his politics. According to Khan, the robberies had been motivated solely by the MQM-H members' desire to acquire funds to support the party. Khan said he feared they would kill him when he returned because they assume that only those who have money go abroad. Khan also reported that MQM-H members had punched him during the robberies, although his written statement mentioned only that they had threatened him.

The IJ dismissed Khan's request for political asylum as untimely and further concluded that he had failed to establish any of the exceptions necessary to waive the one-year filing requirement. The IJ then determined that Khan was ineligible for withholding of removal because Khan admitted that the sole motivation for the robberies was pecuniary gain, not Khan's political opinions or religion. The IJ further found Khan's written account of the robberies to be credible but rejected his testimony that he had been punched during their commission. The IJ also held that Khan was ineligible for relief under the CAT. The BIA upheld the IJ's denial of all relief.

We begin by stating that we do not have jurisdiction to review the timeliness of Khan's asylum application. *See* 8 U.S.C. § 1158(a)(3); *Viracacha v. Mukasey*, 518 F.3d 511, 514-16 (7th Cir. 2008). Additionally, Khan does not challenge the denial of relief under the CAT. So we are left only with Khan's application for withholding of removal.

Because the BIA supplemented the IJ's decision but did not expressly adopt it, we review whether the IJ's conclusions, as supplemented by the BIA, were supported by substantial evidence. *Moab v. Gonzales*, 500 F.3d 656, 659 (7th Cir. 2007). To succeed in his application for withholding of removal, Khan had the burden to show that it is more likely than not that, if returned to Pakistan, he will be persecuted on a protected ground, here, his religion or political opinion. *See* 8 C.F.R. § 1208.16(b)(2); 8 U.S.C. § 1231(b)(3)(A); *INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992); *Tesfu v. Ashcroft*, 322 F.3d 477, 481 (7th Cir. 2003). Khan must establish that the future persecution will be based on *his* religion or political activities; it is not enough that MQM-H members robbed him in the past to support *their* political activities. *See Elias-Zacarias*, 502 U.S. at 482.

But Khan has presented no evidence to support his assertion that MQM-H members will persecute him on the basis of his religion or political activity. Khan's testimony was the only evidence he presented concerning the MQM-H members' motive for robbing him. He admitted that the robbers did not ask him about his political affiliation and that money was their sole motivation. Khan similarly mentioned that he feared further violence upon returning to Pakistan only because MQM-H members assume that only those who have money go abroad. Substantial evidence, therefore, supports the denial of withholding of removal.

This conclusion renders Khan's credibility arguments irrelevant. We therefore DISMISS with respect to the asylum claim and DENY Khan's petition on his remaining claims. *See Pavlyk v. Gonzales*, 469 F.3d 1082, 1084-85 (7th Cir. 2006)(dismissing petition with respect to untimely asylum claim and denying petition with respect to all other claims).